# Chambers *v.* Chatley.

*Arbitration—Conclusiveness of referee's findings of fact.*

On an appeal from an order of the common pleas confirming the report of a referee in a scire facias sur mortgage, where the assignments of error raise questions of fact, and questions of fact only, the findings of fact by the referee approved by the court below will not be reversed, except for manifest error.


Argued Oct. 23, 1900.    Appeal, No. 30, Oct. T., 1900, by defendant, from order of C. P. McKean Co., Oct. T., 1897, No. 1, confirming report of referee, in case of William Chambers v. Homber Chatley.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.


Scire facias sur mortgage.

By agreement of the parties the case was referred to J. M. McClure, Esq., as referee.

Before the referee the defendant claimed that the mortgage failed for want of consideration, that it was procured by duress, and that it was paid.

The master found the facts against all of these contentions of the defendant.

Exceptions to the master's findings of fact were dismissed by the court.


*Errors assigned* were in dismissing exceptions to referee's report.


*R. B. Stone*, for appellant.


*Robert L. Edgett*, with him *George A. Berry*, for appellee.


OPINION BY WILLIAM W. PORTER, J., January 22, 1900:

This is an action by scire facias sur mortgage.    It is defended by the mortgagor on the grounds of want of consideration, duress and payment.    By agreement the case was submitted to a referee under the provisions of the act of 1874.    He has filed a report which, as to all of its findings, has been approved

by the court below. Fourteen assignments of error have been filed in this court. All of them raise questions of fact, and questions of fact only. The effect which the appellate court gives to findings of fact by a referee, approved by the court below, is well understood. In this case able counsel has earnestly challenged such findings. We have performed the duty of examining the whole of the voluminous evidence with care. The result of the examination is that we are unable to discover any one finding by the referee which is shaken or impaired by anything that appears in the proofs. The defendant neither proved that the mortgage failed for want of consideration; nor that it was procured by duress; nor that it was paid. No useful purpose will be subserved by discussing the details of the case and thus cumber the pages of the reports.

The judgment of the court below is affirmed.